UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY K. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-33 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DOUGLAS A. BROUSSEAU, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff's complaint does not identify the source of this court's jurisdiction, but it may be assumed that plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983, as his complaint is brought against public officials and alleges a claim for damages for violation of his right to due process and equal protection. Plaintiff's claims arise from the alleged over-assessment of property taxes on plaintiff's real estate, located in Ontwa Township, Michigan. Named as defendants are Ontwa Township, John Brousseau (the township assessor), John Brielmaier (unidentified in the complaint but presumably a township official), Jennifer Granholm (the Governor of the State of Michigan), and the State of Michigan Tax Tribunal. For relief, plaintiff seeks compensatory damages of $1 million, punitive damages in an equal amount, and "nominal damages" of an additional $1 million.

By order of reference dated April 10, 2006, Chief Judge Robert Holmes Bell referred this matter to me for all pretrial purposes and for submission of a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). The court has granted plaintiff leave to

proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff's *pro se* complaint fails to state a claim upon which relief can be granted.

The allegations in plaintiff's complaint are not a model of clarity. It appears, however, that plaintiff has waged an ongoing battle with defendant Douglas A. Brousseau, the township assessor, concerning the appropriate valuation of plaintiff's real estate for state property tax purposes. In that connection, plaintiff alleges that he obtained his own appraisal, which was lower than that of the township assessor. (Compl., ¶ 13). Nevertheless, the assessor persisted in his higher valuation. (*Id.*, ¶ 15). In March 2004, plaintiff appealed the assessment to the local tax review board, which ultimately denied relief. (*Id.*, ¶ 16). Plaintiff alleges that the township has

maintained erroneous data files concerning plaintiff's property and enumerates several items of false information allegedly contained therein. For example, plaintiff asserts that the township files show his house has a brick chimney, when in fact it has no chimney. (*Id.*, ¶¶ 22-28). Petitioner alleges that on August 11, 2004, he filed an appeal from the local tax review board to the Michigan Tax Tribunal. In that connection, he alleges that the Tax Tribunal denied him due process of law in a number of respects, including failure to require the township to file a proper answer form (*Id.*, ¶ 34), the holding of a telephonic hearing rather than an in-person hearing (*Id.*, ¶¶ 45-46), and failure to issue a timely decision. Finally, plaintiff asserts that defendant Granholm, the Governor of the State of Michigan, has failed to control the actions of the Michigan Tax Tribunal and has failed to provide for lower property taxes for the plaintiff. (*Id.*, ¶¶ 50-52).

**Discussion**

**1.**

Plaintiff's challenge to the state property tax system is barred both by statute and by a broad common-law principle of comity that governs constitutional challenges to state tax administration. To the extent that plaintiff seeks injunctive relief, his suit is barred by the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits the district courts from enjoining, suspending, or restraining the assessment, levy, or collection of any tax under state law where a plain, speedy, and efficient remedy may be had in the courts of this state. To the extent that plaintiff seeks an award of damages, his claims are barred by the principle of comity, most recently delineated by the Supreme Court in *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100 (1981). Under the *Fair Assessment* doctrine, a federal court should normally abstain from hearing an action challenging

the assessment, levy, or collection of state tax as long as there is a "plain, adequate, and complete" remedy available to the plaintiff in the state courts. *Fair Assessment*, 454 U.S. at 116. While this principle of comity reflects some of the same concerns that support the Tax Injunction Act, it "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir.), *cert. denied*, 543 U.S. 988 (2004). The exclusion of the federal courts from the state taxation area is so far-reaching that it precludes federal courts from declaring state tax laws unconstitutional. *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 378 (6th Cir. 1993). In cases barred by either the Tax Injunction Act or the doctrine of comity, relief in federal court remains potentially available through direct review by the United States Supreme Court of any final state-court judgment on a constitutional challenge to a tax. *Fair Assessment*, 454 U.S. at 116. The court has the obligation to raise this issue *sua sponte. See Collins Holding Corp. v. Jasper County, S.C.*, 123 F.3d 797, 799 (4th Cir. 1997); *accord Howard v. City of Detroit*, 73 F. App'x 90, 94-95 (6th Cir. 2003).

The *Fair Assessment* case is itself directly on point and requires dismissal of this action. *Fair Assessment* was a section 1983 case alleging that the county tax assessors, supervisors, and three members of the State Tax Commission deprived plaintiffs of equal protection and due process of law by unequal taxation of real property. 454 U.S. at 105-06. The Supreme Court noted that the plaintiffs sought only monetary relief from individual state officers and that the Tax Injunction Act would therefore not directly bar the suit. *Id.* at 113. The Court nevertheless found that such a lawsuit would be intrusive to the orderly enforcement of the state tax system and therefore must be barred on the basis of comity. *Id.* at 114-15. "[W]e hold the taxpayers are barred by the principle of comity from asserting section 1983 actions against the validity of state tax

systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." 454 U.S. at 116 (footnotes and citations omitted).

Under both the Tax Injunction Act and the doctrine of comity, a plaintiff bears the burden of pleading and proving the inadequacy of state judicial remedies. Plaintiff has not attempted to do so, nor could he. The Sixth Circuit has examined and upheld the adequacy of the remedies available to a taxpayer under the laws of the State of Michigan to seek vindication of constitutional rights in the state courts. *See, e.g., Chippewa Trading*, 365 F.3d at 542-43; *Helmsley v. City of Detroit*, 320 F.2d 476 (6th Cir. 1963) (Declaratory Judgment Act challenge to Michigan property tax assessment under due process and equal protection principles barred, because Michigan courts provide an adequate remedy); *see also Kistner v. Milliken*, 432 F. Supp. 1001 (E.D. Mich. 1977) (appeal of right to state court of appeals from Tax Tribunal is a plain and adequate remedy for purposes of Tax Injunction Act).

Both the Tax Injunction Act and common law principles of comity prevent this court from entertaining plaintiff's challenge to the validity of the tax assessment against his property. The complaint is subject to dismissal in its entirety on this ground alone.

**2.**

Plaintiff's claims against the Michigan Tax Tribunal and Governor Granholm are subject to dismissal on additional grounds. The claims against the Michigan Tax Tribunal are barred by the Eleventh Amendment. The Eleventh Amendment provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the amendment by its terms prohibits only suits against a state by citizens of another state or by aliens, the Supreme Court has held that the amendment's fundamental principles of sovereign immunity negate federal exercise of jurisdiction over suits by citizens against their own states as well. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Hans v. Louisiana*, 134 U.S. 1 (1890); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Carten v. Kent State Univ.*, 282 F.3d 391, 394 (6th Cir. 2002). The Eleventh Amendment bars any suit, absent consent, against the state regardless of the form of relief requested. *Pennhurst*, 465 U.S. at 100-01. It is well settled that the Eleventh Amendment bars federal court actions against the agencies and departments of the state, as well as the state itself. *Pennhurst*, 465 U.S. at 100; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*). The Michigan Tax Tribunal is a quasi-judicial agency of the State of Michigan, created by statute. MICH. COMP. LAWS § 205.721; *see Wayne County v. City of Detroit*, 590 N.W.2d 619 (Mich. Ct. App. 1998). It is part of the Department of Commerce. MICH. COMP. LAWS § 205.800. The Tax Tribunal hears certain tax disputes, with its final decisions appealable as of right to the state Court of Appeals. MICH. COMP. LAWS § 205.753. The Tax Tribunal is clearly an arm of the state and is not subject to suit in the federal courts.

The claims against Governor Granholm are subject to dismissal as frivolous. Plaintiff asserts that Governor Granholm has failed to oversee the operations of the Tax Tribunal and seeks to hold her accountable for its acts and omissions on this basis. As a threshold matter, it is doubtful that the Governor has any direct supervisory authority over the members of the Tax Tribunal. The

...

Governor merely appoints the seven members of the Tribunal, subject to the advice and consent of the Senate. MICH. COMP. LAWS § 205.721. Even assuming the Governor has some supervisory authority over the Tax Tribunal, it is clear that section 1983 liability cannot be imposed on that basis. To be liable in a section 1983 action, a supervisory official must be personally involved in the allegedly unconstitutional conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Liability may not be imposed vicariously under a *respondeat superior* theory or for mere failure to supervise. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Consequently, plaintiff's claims against the Governor for her failure to supervise the Tax Tribunal fail to state a claim upon which relief can be granted. His other allegations concerning the Governor, namely, that she signed a particular law and that she has failed to advocate for a reduction in property taxes, are utterly frivolous. A state governor is protected by the doctrine of legislative immunity for her decision to sign, or to refuse to sign, any particular piece of legislation. *See Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998); *Smiley v. Holm*, 285 U.S. 355, 372-73 (1932); *Torres-Rivera v. Calderone-Serra*, 412 F.3d 205, 212 (1st Cir. 2005).

### **Recommended Disposition**

I conclude that plaintiff's complaint is barred in its entirety by the Tax Injunction Act and common-law principles of comity. Furthermore, the claims against the Michigan Tax Tribunal are barred by Eleventh Amendment immunity, and those against Governor Granholm fail to state

a claim upon which relief can be granted. I therefore recommend that the complaint be dismissed in its entirety.


Dated:   April 12, 2006                             /s/  Joseph G. Scoville
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).